lml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANTHONY LEWIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 08-2458-JAR** |
| ) | |
| **SPRINT NEXTEL,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Anthony Lewis, proceeding pro se, alleges a breach of contract by defendant Sprint Nextel ("Sprint")[1] and claims that he was damaged when Sprint placed a negative remark on his credit report regarding the unpaid balance on his account, which caused him to pay another cellular phone provider to obtain wireless service.  This matter is before the Court on Sprint's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 45) pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  For the reasons explained below, the Court grants Sprint's motion.

## I.    Plaintiff's Complaint

Plaintiff has filed this action pro se.  Pro se complaints must be liberally construed, and are held to less stringent standards than formal pleadings drafted by lawyers.[2]  "[T]he court, however, will not supply additional factual allegations to round out a plaintiff's complaint or

---

[1]Sprint contends that it should have been named as Sprint Spectrum, L.P.

[2]*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

construct a legal theory on plaintiff's behalf."[3]  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[4]

The following facts are alleged in the Amended Complaint and the Court draws all reasonable inferences in favor of plaintiff.

Plaintiff opened an individual cellular telephone account with Sprint in October 2002. Plaintiff noticed that several payments were reversed on his account, causing more charges to accrue.  Sprint reversed payment on more than one occasion, for a total of $219.99.  In January 2008, a Sprint representative contacted plaintiff to make arrangements to bring his account current.  Plaintiff paid some of the bills incurred with Sprint. Sprint cancelled plaintiff's service and charged him a cancellation fee.  Plaintiff alleges that Sprint breached its contract and caused plaintiff injury, and has not shown that plaintiff owes these charges.  Sprint accused plaintiff of using a business credit card to pay his bill, then accused plaintiff of stealing Paul Klinkinberg's credit card.  Sprint has not proven these allegations against plaintiff, and has injured plaintiff by placing a negative remark on his credit report.  Plaintiff specifically states that he filed this action based upon breach of contract, and seeks actual damages of $20,000 and punitive damages of $60,000, as well as an order requiring Sprint to remove the negative remark from his credit report.

As the jurisdictional grounds for his First Amended Complaint, plaintiff checked the box labeled "Other grounds (specify and state any statute which gives rise to such grounds)" and filled in "C.J.S. Section 518 and 523 ET SEQ." and "CONTRACTS AND BREACH OF

---

[3]*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[4]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

CONTRACTS."[5]

## II.   Legal Standards

### *Rule 12(b)(1)*

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[6]  "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[7]  Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[8]  Mere allegations of jurisdiction are not enough.[9]

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[10]  The law imposes a presumption against jurisdiction and plaintiff bears the burden of showing that jurisdiction is proper.[11]

### *Rule 12(b)(6)*

Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss, a complaint must present

---

[5](Doc. 44 at 3.)

[6]28 U.S.C. § 1331.

[7]*Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[8]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[9]*Id.* at 798.

[10]*Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (citation omitted).

[11]*Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[12]  Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[13]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[14]  "'[]Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[15]

Finally, "[w]hen a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction."[16]

## III.   Discussion

Sprint argues that plaintiff's breach of contract claim arises under state common law, not federal law, and thus cannot form the basis for federal question jurisdiction.  Although plaintiff bears the burden of showing that jurisdiction is proper, he fails to address the issue of jurisdiction in his response.

---

[12]*Bell Atl. Corp v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

[13]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[14]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[15]*Id.* (quoting *Twombly*, 127 S. Ct. at 1974).

[16]*Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citation omitted).

4

There are two statutory bases for federal subject matter jurisdiction.  First, 28 U.S.C. §
1332(a) provides that district courts shall have original jurisdiction over any civil action where
the matter in controversy exceeds the sum or value of $75,000 and the dispute is between
citizens of different states.  "This statute and its predecessors have consistently been held to
require complete diversity of citizenship.  That is, diversity jurisdiction does not exist unless
each defendant is a citizen of a different State from each plaintiff."[17]

Alternatively, 28 U.S.C. § 1331, the federal question statute, confers jurisdiction over
cases "arising under" federal law.  "'A case arises under federal law if its 'well-pleaded
complaint establishes either that federal law creates the cause of action or that the plaintiff's
right to relief necessarily depends on resolution of a substantial question of federal law.'"[18]
Thus, a question of federal law must appear in plaintiff's well-pleaded complaint.[19]  The Tenth
Circuit has clarified, however, that "even though a plaintiff asserts only claims under state law,
federal-question jurisdiction may be appropriate if the state-law claims implicate significant
federal issues."[20]

The allegations in plaintiff's First Amended Complaint do not establish that plaintiff's
claims arise "under the Constitution, laws, or treaties of the United States" as required by 28
U.S.C. § 1331.  No federal statute is invoked as the basis for the cause of action.  Plaintiff's
citation to the Corpus Juris Secundum, or C.J.S., which is an encyclopedia of legal topics, is not

---

[17]*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

[18]*Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) ("*Nicodemus I*") (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)).

[19]*Id.*

[20]*Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006).

enough to confer federal question jurisdiction.  Plaintiff's claims are admittedly claims of breach

of contract, which arise under state, rather than federal, law.  Nothing in plaintiff's allegation

suggests that a substantial question of federal law is a "necessary element" of his state law

claims.  Thus, federal question jurisdiction does not exist in this case.

Moreover, plaintiff has not alleged diversity jurisdiction anywhere in his First Amended

Complaint, nor are there facts in the complaint showing diversity jurisdiction.[21]  The complaint

shows that plaintiff resides in Kansas City, Kansas, and that Sprint's address is in Overland Park,

Kansas.  Plaintiff fails to provide facts showing that Sprint is a citizen of a different state.[22]  As

citizens of the same state, plaintiff cannot allege diversity jurisdiction against Sprint.

The Court concludes that plaintiff has failed to carry his burden to show jurisdiction is

proper as his First Amended Complaint lacks federal question grounds for subject matter

jurisdiction and because plaintiff has failed to allege any other grounds for jurisdiction.

Accordingly, Sprint's motion to dismiss is granted.[23]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to

Dismiss Plaintiff's Amended Complaint (Doc. 45) is GRANTED.

IT IS SO ORDERED.


Dated:  <u>April 2, 2009</u>

                                             S/ Julie A. Robinson

---

[21](Doc. 44 at 2.)

[22]A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

[23]Because the Court dismisses plaintiff's First Amended Complaint on jurisdictional grounds, it does not reach the question of whether plaintiff has failed to state a claim for breach of contract pursuant to Rule 12(b)(6).

JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE